MAGDALENE MUENSTER BARTELS ET AL., APPELLANTS, v. HANS H. STABEN ET AL., APPELLEES.

FILED JUNE 10, 1931. No. 27688.

Philip E. Horan and Fred N. Hellner, for appellants.

W. G. Kieck, D. O. Dwyer and W. L. Dwyer, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

This suit was begun in the district court for Cass county by Magdalene Muenster Bartels and her sister, Agnes Muenster, plaintiffs herein, to establish a trust in the sum

of $2,933.18, upon the following described real estate in Cass county, namely, the northwest quarter of section 31, township 12, the title whereof stands in the name of Hans H. Staben, defendant. The plaintiffs pray for an order for the sale of the land to satisfy a judgment obtained by them in the sum above mentioned in Douglas county in an action for an accounting against the defendant.

The court found and decreed that the defendant, as the plaintiffs' guardian, converted to his own use $1,900 belonging to the plaintiffs, and that the plaintiffs were entitled to a lien on the land above described in that amount, with interest thereon at the rate of 7 per cent. per annum from June 16, 1923, that being the date when the defendant converted plaintiffs' money to his own use. The court, however, found that Mrs. Staben, also a party defendant, some years before the proceedings herein, advanced $4,500 to her husband for the purchase of a tract of land in Sarpy county, and that the above named sum, pursuant to agreement, constituted a prior lien upon the Cass county land. Thereupon the court ordered that the land be sold to satisfy the judgment. From that part of the judgment finding that the defendant had converted but $1,900 to his own use, and also that part holding that Mrs. Staben's mortgage was superior to the lien of the plaintiffs' judgment, the plaintiffs have appealed. The defendants have filed a cross-appeal.

Hans H. Staben and his wife are the uncle and aunt, respectively, of the plaintiffs and, on June 15, 1918, Staben was appointed their guardian. The plaintiffs were then 13 and 15 years of age, respectively. An inventory of the plaintiffs' property filed by Staben, March 3, 1919, fixed the value of the property in the following sums, namely, a real estate mortgage, valued at $3,500; war-saving stamps, at $496; and cash on hand, $94.49; making a total value of $4,090.49 of property then under his control.

In 1928 a hearing for an accounting was held in the county court in and for Douglas county upon the application of the plaintiffs. The record discloses that the defendant then filed a report of the disposition of the funds that had come into his hands as guardian. Upon submission, and an examination, the county court found and decreed that $2,933.18 was due the plaintiffs from the defendant. The judgment was affirmed by the district court and, upon appeal, was also affirmed by this court. The present action is to enforce a trust in the sum of $2,933.18 which, as noted above, is the amount found due the plaintiffs from the defendant in the accounting proceeding, and also to have an order entered for its priority over Mrs. Staben's mortgage.

It is elementary, of course, that: "When a fact has been once determined in the course of a judicial proceeding * * * it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision which, from motives of public policy, the law does not permit to be done." *Cromwell v. County of Sac*, 94 U. S. 351. See, also, *Lowe v. Prospect Hill Cemetery Ass'n*, 75 Neb. 85. But, in the present case, the court found that $1,900 of plaintiffs' money had been invested in the land and, for the purpose of this action, a trust could be impressed for only the amount actually invested in the lands. It appears to us that the court had authority to pass on the question as to the amount of trust funds invested in the lands and as to the priority of the liens.

Staben testified that, when he purchased a certain tract of land in Sarpy county, his wife advanced $4,500 to apply on the purchase price, and that it was agreed then that she was later to be reimbursed therefor. Later, with this in view, a mortgage was executed by Staben which, by its terms, was payable to her order to secure the payment of the loan. Staben denied that he had told plaintiffs' attorney, as the attorney testified, that he had spent

the guardianship money to apply on the purchase price of certain land in Cass county. Staben contends that he used the guardianship money to pay for the plaintiffs' schooling in a normal school and in the state university.

Staben's testimony was corroborated by that of his wife, who testified that she at one time inherited $3,500 from her father's estate, and that she loaned this amount to her husband to purchase the Sarpy county land. She also testified that she later loaned her husband $1,000, and that it was understood between them that a deed was to be made out in her name and in her husband's name jointly, but that, in 1928, she discovered that his name only appeared on the deed. Thereafter Staben gave his wife his note for $4,500, secured by a mortgage on the Cass county land, for the money so loaned by her to him.

In an action involving the transfer of property, as between a husband and wife, such transfer should be closely scrutinized, where the interests of third parties are involved, but the transfer will be upheld as against other creditors where it appears to have been made in good faith or in the payment of a just debt. In 27 C. J. 562, the rule is announced that, where a husband borrows money from his wife, he becomes indebted to her and may transfer property to her in payment of or as security for such debt. And in *Ward v. Parlin,* 30 Neb. 376, we held: "A husband may lawfully give his wife a deed or mortgage to secure a preexisting *bona fide* debt owing to her, and such conveyance is not fraudulent as to his other creditors, if taken in good faith, and without any fraudulent purpose." See, also, *Dayton Spice-Mills Co. v. Sloan,* 49 Neb. 622.

The judgment of the district court is supported by the evidence and the law. No reversible error appears therein. The judgment is therefore

AFFIRMED.